IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DION BROWN'EL**  **PLAINTIFF**
**#913261**

v.  No. 4:24-cv-00081-LPR-JJV

**WHITE COUNTY SHERIFF'S**
**DEPARTMENT, et al.**  **DEFENDANTS**

## ORDER

The Court has reviewed the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 14) and the Plaintiff's Objections (Doc. 22). After a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, Plaintiff may proceed with his January 3, 2024 individual-capacity excessive force and battery claims against Defendant Seiders and individual-capacity failure to protect claim against Defendant Rodgers.[2] All other claims and Defendants are DISMISSED without prejudice.[3] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

---

[1] The words "based on a suspect" should be treated as excised from page 2, line 12 of the PRD.

[2] The PRD notes that its plausible-claim conclusion with respect to these claims is "for screening purposes only." Doc. 14 at 2. That goes doubly for this Court, especially with respect to the failure-to-protect claim. The Court could easily see an adversarial motion to dismiss leading to a different conclusion.

[3] With respect to the First Amendment retaliation claim, the Court wishes to point out that Plaintiff conceded he didn't walk with his hands behind his back and thus conceded the merits of the disciplinary violation. *See* Second Am. Compl. (Doc. 12) at 5 ("I was served with a disciplinary by Lt. Hannah Ross for failure to walk with my hands behind my back[,] knowing I had a hand full of stacks of legal documents, which made that impossible."). Furthermore, there is nothing in the Complaint which would state a viable claim even if cases like *Gonzalez v. Trevino*, 144 S. Ct. 1663 (2024) and *Nieves v. Bartlett*, 587 U.S. 391 (2019) applied in this context.

1

IT IS SO ORDERED this 9th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE